**Larry WENT, Plaintiff,**

v.

**LAFARGE CORPORATION, et al., Defendants.**

No. 4:01CV384.

United States District Court, N.D. Ohio.

March 15, 2001.

Raymond J. Tisone, Tisone & Associates, Warren, OH, for plaintiff.

W. Robert Donovan, J. Michael McGuire, Shawe & Rosenthal, LLP, Baltimore, MD, David Shepherd, Turner, May & Shepard, Warren, OH, for defendants.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the motion of the Plaintiff, Larry Went ("Went") to remand this case to the Court of Common Pleas for Trumbull County. Ohio (ECF–Dkt.# 7). The Plaintiff has alleged five State law claims against the Defendants, Lafarge Corporation ("Lafarge") and Timothy Page ("Page"), including in Count V a claim for intentional infliction of emotional distress. The Defendants argue that this matter is properly before this Court because the Plaintiff was subject to a collective bargaining agreement ("CBA") between Lafarge and the United Steelworkers of America ("USWA"), and, therefore, his claim for intentional infliction of emotional distress is completely pre-empted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The Plaintiff, however, contends that a court need not interpret the CBA in considering his State law claims,

For the following reasons, the Plaintiff's Motion to Remand (ECF–Dkt.# 7) is **DENIED.**

## ANALYSIS

The Defendants have asserted that the Plaintiff's intentional infliction of emotional distress claim is preempted by § 301 of the LMRA. Section 301 of the LMRA states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). It is axiomatic that § 301 preempts State law rules which "substantially implicate the meaning of collective bargaining agreement terms". *De-Coe v. General Motors Corp.,* 32 F.3d 212, 216 (6th Cir.1994) (*citing Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 210, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)). *See also Caterpillar v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("Section 301 governs claims founded directly on rights created by a collective-bargaining agreement, *and also claims substantially dependent on analysis of a collective bargaining agreement.*") (Emphasis added.) "[A] suit in state court alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." Id. (*citing Lueck,* 471 U.S. at 210, 105 S.Ct. 1904). This rule ensures uniformity and predictability in interpreting the terms of CBAs. *See id.*

The Supreme Court has explained the scope of the preemption rule as follows:

§ 301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements. In other words, even if dispute resolution pursuant to a collective bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without

interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes. *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 409–410, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). The Court emphasized that "judges can determine questions of state law involving labor-management relations only if such questions do not require construing collective-bargaining agreements ." *Id.* at 411, 108 S.Ct. 1877.

▮ Based on the foregoing, the Sixth Circuit has developed a "two-step approach for determining whether 301 pre-emption applies." *DeCoe*, 32 F.3d at 216. "First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. [ ] Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right is both borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted ." *Id.* (Citations omitted). The court further explained that in making a determination on the first step, "the court is not bound by the 'well-pleaded complaint' rule, but rather looks to the essence of the plaintiff's claim, in order to determine whether the plaintiff is attempting to disguise what is essentially a contract claim as a tort." *Id.* (Citation omitted.) "If the plaintiff can prove all of the elements of his claim without the necessity of contract interpretation, then his claim is independent of the labor agreement." *Id.* (citing *Dougherty v. Parsec, Inc.*, 872 F.2d 766, 770 (6th Cir.1989)). Furthermore, a claim which is independent of the CBA will not be turned into a claim dependent upon the CBA merely because there may be a tangential relationship between the claim and the CBA, or the Defendants' assertion

of the CBA as an affirmative defense. *See id.*

The Sixth Circuit has considered whether § 301 preempts a plaintiff's State law intentional infliction of emotional distress claim in *DeCoe*, supra. DeCoe claimed that the defendant's dissemination of information concerning sexual harassment charges filed against him constituted outrageous conduct. *See DeCoe*, 32 F.3d at 215, 218. The information was disseminated pursuant to the CBA between the defendant and the plaintiff's union. *See id.* at 214-15. In *DeCoe*, the plaintiff argued that his intentional infliction of emotional distress claim was not preempted by § 301, and that an interpretation of the CBA was not required. *See id.* at 218. The Sixth Circuit noted, however, that "a defendant has not acted outrageously 'where he has done no more than to insist upon his legal rights in a permissible way, even though he was well aware that such insistence [wa]s certain to cause emotional distress.'" *Id.* at 219 (citing *Polk v. Yellow Freight Sys., Inc.*, 801 F.2d 190, 196 (6th Cir.1986)). As such, in determining whether an employer pursued his legal rights under a CBA "in a permissible way," a court necessarily must refer to the agreement. *See id.* at 220.

▮ Went, like the plaintiff in *DeCoe*, asserts that this Court need not consider the CBA in determining whether the Defendants acted outrageously in discharging him. However, as stated above, the inquiry is whether the Defendant's have done more than pursue their rights under the CBA which governed the Plaintiff's employment. The CBA provides that the Defendants may "terminate or otherwise relieve employees from duty for lack of work or other legitimate reason." (CBA ¶20.02.) If the Defendants merely pursued their right to discharge the Plaintiff under the CBA, their conduct in doing so cannot

be outrageous; if their conduct went beyond mere enforcement of their rights under the CBA, then their conduct *may* be outrageous. In order to resolve this issue, the Court must refer to the CBA. Accordingly, the Plaintiff's claim for intentional infliction of emotional distress is completely preempted by §301 of the LMRA.

### CONCLUSION

As set forth above, the Plaintiff's claim for intentional infliction of emotional distress (Count V) is completely preempted by § 301 of the LMRA. Accordingly, the Plaintiff's Motion to Remand (ECF–Dkt. # 7) is **DENIED**.

**The Plaintiff shall have ten days from the date of this Memorandum Opinion and Order to amend his complaint to assert a claim for breach of the CBA pursuant to § 301 of the LMRA, or this case will be dismissed for lack of Federal question jurisdiction.**

**IT IS SO ORDERED.**